**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                                                                         **14-CR-26(S)**

        **-v-**

**ANTHONY MCCUTCHEON,**
                **Defendant.**
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions. Dkt. #2.

## PRELIMINARY STATEMENT

The defendant, Anthony McCutcheon ("the defendant"), is charged in a Second Superseding Indictment, along with eight co-defendants, with having violated Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute, and to distribute 28 grams or more of cocaine base) (Count 1), Title 21, United States Code, Section 856(a)(1) (maintaining a drug-involved premises) (Count 3), Title 18, United States Code, Section 924(c)(1)(A) (possession of a firearm in furtherance of a drug trafficking crime) and Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) (felon in possession of a firearm and ammunition). Dkt. #33. Defendant McCutcheon filed an omnibus discovery motion (Dkt. #81), the government filed its opposition to the instant motion, as well as a cross motion for discovery (Dkt.

Case 1:14-cr-00026-WMS-HKS   Document 166   Filed 06/26/15   Page 2 of 11

#102) and oral argument on defendant McCutcheon's motion, as well as co-defendants' motions was held on December 18, 2014. Based on the discovery materials disclosed by the government, defendant McCutcheon agreed with the Court that with the exception of his request for a bill of particulars, requests for disclosure of *Brady*, *Jencks* and *Giglio* material and his request for the identity of informants, his omnibus discovery motion could be denied as moot. Shortly thereafter, the Court was advised of an issue concerning Mr. McCutcheon's retained counsel. After considerable delay and ample opportunity for Mr. McCutcheon to retain new counsel, new counsel was appointed to represent Mr. McCutcheon. Newly appointed counsel was given an opportunity to review the file and the motions filed by prior counsel. On June 22, 2015, counsel appeared before this Court and advised the Court that he adopted the motions filed by prior counsel. Accordingly, this Court took the defendant's pre-trial motions under advisement as of June 22, 2015. What follows is this Court's Decision and Order on defendant McCutcheon's request for a bill of particulars, requests for disclosure of *Brady*, *Jencks* and *Giglio* material and his request for the identity of informants and the government's cross-motion for discovery. The defendant's motion to suppress (Dkt. #83) remains pending and will be the subject of a separate Report, Recommendation and Order.

## DISCUSSION AND ANALYSIS

**Bill of Particulars**

In response to defendant McCutcheon's request for a detailed bill of particulars, the government states that defendant's request for particularization should

be denied because the defendant has failed to articulate any facts upon which the Court could conclude that the defendant has met his burden of establishing need. Dkt. #102, p.10. In addition, the government maintains that it "has also provided the defendant with copies of the intercepted wire communications, FBI 302s detailing seizures made during the investigation, wiretap applications and affidavits and search warrant affidavits. In light of this information, the other discovery provided to the defense, and the straight-forward nature of the case, there is no need for a bill of particulars." *Id.*

The defendant's request is denied. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927).

> A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d [572] at 574 [(2d Cir. 1987)]. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v. Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), *cert. denied*, 128 S.Ct. 1690 (2008).

**Request for Early Disclosure of *Brady*, *Jencks* and *Giglio* Material**

By his requests, defendant McCutcheon seeks the early disclosure of *Brady*, *Jencks* and *Giglio* material. The government has stated that it is aware of its disclosure duties under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and subsequent cases. The government has further stated that it agrees to provide impeachment *Brady* material in accordance with the schedule set by the District Court prior to trial and no later than when the government produces and delivers *Jencks* Act material in this case. Dkt. #102, pp.13-14. As a result of these representations, the defendant's request for such materials, *i.e., Brady* and *Giglio* is denied, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Coppa,* at 146. The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Coppa,* at 144. With respect to impeachment

4

material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

The defendant also seeks the early disclosure of any reports and statements of government witnesses not less than six weeks prior to the start of trial. Dkt. #81, pp.27-28.  In its response, the government consents to provide *Jencks* material one week prior to the commencement of trial.  Dkt. #102, p.14.  The defendant's motion is denied based on the representations of counsel for the government.  With respect to those statements encompassed by this statute, the prosecution is not required to disclose and turn over *Jencks* statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

**Disclosure of Informant Identity**

The defendant requests that the government be directed to disclose extensive information including the name and address of the confidential informants involved in this matter including, the details of the information provided and the extent of the informant's relationship with law enforcement. Dkt. #81, pp.29-32. In its response, the government argues pursuant to *Roviaro,* that the law recognizes a privilege to withhold the identities and backgrounds of confidential informants because "it recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). However, the privilege must give way when, "the disclosure of an informant's identity, or the contents of his communication, is relevant and helpful to the defense of the accused, or is essential to the fair determination of a cause." *Id.* at 60-61. Here, the government argues that the defendant's burden is heightened because of the drug-related nature of the case, the significant amount of narcotics and money involved and the firearm seized in this case. Dkt. #102, p.15. Indeed, the government concludes that the defendant has not satisfied his burden of showing a particularized need for the disclosure of the informants' identities. *Id.* at p.16.

The Court agrees that the defendant has failed to carry his burden and demonstrate "that the testimony of the informant would [be] of even marginal value to the defendant's case." As a result, the holding of the Court of Appeals for the Second

Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989), is dispositive of this request by the defendant wherein the Court stated:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1L.Ed.2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id. See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).
>
> The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to

7

>the defendant and was present when the defendant and the
>agent negotiated and transacted two sales of heroin.  The
>Court, noting that the informant was "present during all the
>significant events," 388 F.2d at 649, found that he was
>"obviously a crucial witness to the alleged narcotics
>transactions," *id.*, and therefore, his whereabouts should
>have been revealed to the defense if properly requested.
>But disclosure of the identity or address of a confidential
>informant is not required unless the informant's testimony is
>shown to be material to the defense.  *See United States v.
>Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440,
>3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lila*,
>699 F.2d at 105.  As this Court's recent opinion in *United
>States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear,
>it is not sufficient to show that the informant was a participant
>in and witness to the crime charged.  In *Jimenez*, the
>informant was both participant and witness, but the district
>court's refusal to order disclosure of his identity was upheld
>on the ground that the defendant had failed to show that the
>testimony of the informant "would have been of even
>marginal value to the defendant's case.  789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997).

Since the defendant has not made a sufficient showing that any informant's potential testimony is material to his defense, this request is denied.

**Request for Disclosure of Un-Redacted Wiretap Applications and Affidavits**

During the December 18, 2014 oral argument, counsel for the defendant acknowledged that the government had disclosed redacted copies of the Title III applications, affidavits and orders.  Counsel requested that the government be directed to disclose the un-redacted versions of those documents.  The government opposed

8

this request on the grounds that disclosure of the un-redacted versions could compromise ongoing investigations. Thereafter, the government supplied the Court with both the redacted and un-redacted versions of the applications, affidavits and orders for *in camera* review. The Court has reviewed and compared the documents submitted and based on this review the Court concludes that what is contained in the redacted applications and affidavits is more than sufficient to allow the defendant to challenge the issuance of the Title III intercept orders. In fact, a motion seeking to suppress the intercepted communications on the basis of an absence of probable cause and a lack of necessity for the issuance of the Title III intercept orders remains pending before this Court. *See* Dkt. #83. Moreover, this Court agrees with the government that the disclosure of the un-redacted version of the applications and affidavits could jeopardize ongoing investigations. Accordingly, defendant's request is denied. The government is hereby requested to arrange to pick up the un-redacted copies from Chambers as soon as practicable.

**Government's Request for Reciprocal Discovery**

In addition to the relief requested by the defendant, the government has made a request for reciprocal discovery. Dkt. #102, pp. 37-38. The government has requested that the defendant permit it to inspect and copy books, papers, documents, photographs and tangible objects which the defendant intends to introduce as evidence-in-chief at the trial. *Id.* In addition, the government seeks to inspect all reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant along with written summaries of expert witness

testimony that the defendant intends to use at trial. *Id.* Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is granted.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the

portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:   June 26, 2015
         Buffalo, New York

                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**