UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

ANTHONY McCUTCHEON,

Defendant.

**DECISION AND ORDER**
14-CR-26S (1)

1. Presently before this Court is defendant Anthony McCuthcheon's motion to vacate or to withdraw his guilty plea. For the following reasons, the motion is denied.

2. Defendant's case was scheduled for jury selection and trial on April 18, 2017. On March 29, 2017, approximately three weeks before the trial start date, Defendant's appointed counsel, Michael G. O'Rourke, made a motion to withdraw as attorney. (Docket No. 348.) The parties appeared before this Court to discuss the motion, at which time Mr. O'Rourke stated that Defendant was argumentative and refused to participate in trial preparation. (Docket No. 381.) This Court stated that it would consider appointing independent counsel to advise Defendant and assist in resolving the issues with Mr. O'Rourke, but that it was not inclined to grant Mr. O'Rourke's motion to withdraw, and that the trial would move forward as scheduled. (Id.)

3. At the next appearance, on April 4, 2017, Defendant appeared with both Mr. O'Rourke and Kevin W. Spitler, an independent attorney who was appointed to discuss Defendant's options for representation. Defendant met with Mr. Spitler and Mr. O'Rourke prior to the appearance and, when the status conference began, Mr. O'Rourke indicated that he and Defendant had worked through their differences and that Defendant would be pleading guilty. This Court informed Defendant that it would not accept the plea if he was

1

not truly guilty and emphasized that he should not feel forced to take a plea that day, or at any time, if he did not understand the agreement or feel ready to proceed. (See Docket No. 393, Transcript of Proceedings ("Tr.") at 9 ("If you can't get ready today, I'll give another date, but I think, you know, we're here. As long as you in no way feel forced or intimidated into entering a plea, and you tell me that you understand the legal advice of your attorney, and you understand what is meant by withdrawing the 851 information, we can go forward with the plea."); Tr. at 5 ("I just want to make sure that you understand that everything that we can do to make sure that you get what you're entitled to under the law, anything that we can do to make sure that your understanding is clear before you make that final choice of going to trial or entering a plea to the last plea agreement that was on the table.").)

4. After a recess in which Defendant consulted further with Mr. O'Rourke and Mr. Spitler, he pled guilty to Count 1 of the Third Superseding Indictment, which charged a violation of Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute, and to distribute, 28 grams or more of cocaine base), and to Count 3, which charged a violation of Title 18, United States Code, Section 924(c)(1)(A)(i) (possession of a firearm in furtherance of drug trafficking). (Docket Nos. 353, 354.) As part of the plea agreement, the government withdrew the Section 851 information that it had filed, reducing the mandatory minimum sentence on Count 1 from 10 years to 5 years. (Docket No. 353.)

5. During the plea colloquy, this Court advised Defendant of his attorney right and his limited right to appeal. (Tr. at 17-18: "First, you have the right to an attorney until your case is complete in all respects, and that includes any appeal. You can hire an

attorney at your own expense.  As long as you continue to qualify you get the benefit of an assigned attorney.  You always retain the right to represent yourself.")  Defendant stated that he was satisfied with Mr. O'Rourke, and that "Mr. Spitler helped out."  (Tr. at 20.)  Further, Defendant twice denied that he was forced, threatened, or intimidated into signing the plea agreement.  (Tr. at 23, 40-41.)  Finally, while under oath, Defendant admitted to doing what was charged in the plea agreement.  (Tr. at 28.)  After ascertaining that Defendant understood the plea agreement and entered his plea knowingly, this Court accepted the guilty plea and adjudged Defendant guilty.  (Tr. at 42-43.)

6. More than two months after the plea proceeding, Defendant contacted Mr. O'Rourke and informed him of his desire to withdraw the plea.  One month later, Mr. O'Rourke filed the present motion, attaching an affidavit in which Defendant states that, on the day he pled guilty, he had come to court believing he would be assigned a new attorney because of the breakdown in communications with Mr. O'Rourke.[1]  He contends that he felt rushed by the Government to enter the plea that day, and that he believed, based on the Court's unwillingness to assign a new attorney, that he would be required to represent himself at trial.  He further states that, although he was given time to discuss the situation with Mr. O'Rourke and Mr. Spitler, he accepted the plea because he felt he had no choice and feared the consequences if he did not.  Finally, Defendant states that he wishes to withdraw the plea because he is not guilty of the charges, that this is the reason why he had previously refused to accept a plea offer, and that he only pled guilty because he believed he would not have the benefit of an attorney at trial.

---

[1] This statement is surprising because, at the prior appearance on March 29, 2017, this Court had informed the parties of its intention to deny Mr. O'Rourke's motion to withdraw as counsel and stated that the trial date would not be adjourned.

3

7. The Government opposes the motion and notes that this is not the first time that Defendant has sought to withdraw a guilty plea. In a prior case in this district, United States v. McCutcheon, 04-CR-239-E, Defendant filed a motion to withdraw a guilty plea five weeks after entering it. Although disposition of the motion is not directly addressed on the docket, it appears that the motion was unsuccessful because Defendant was sentenced soon after its filing.

8. Federal Rule of Criminal Procedure 11(d)(2)(B) permits a defendant to withdraw his guilty plea prior to a district court's imposition of a sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The defendant bears the burden of showing that there are "valid grounds for withdrawal." United States v. Doe, 537 F.3d 204, 210 (2d Cir. 2008) (quoting United States v. Gonzalez, 970 F.2d 1095, 1100 (2d Cir. 1992)). "The standard for withdrawing a guilty plea is stringent because society has a strong interest in the finality of guilty pleas, and allowing withdrawal of pleas not only undermines confidence in the integrity of our judicial procedures, but also increases the volume of judicial work, and delays and impairs the orderly administration of justice." Id. at 211 (internal quotation marks and citation omitted).

9. When determining whether the defendant has shown a "fair and just reason" to justify withdrawal of a guilty plea under Rule 11, the Court generally must consider the following factors: "(1) the amount of time that has elapsed between the plea and the motion; (2) whether the defendant has asserted a claim of legal innocence; and (3) whether the government would be prejudiced by a withdrawal of the plea." Id. at 210 (citing United States v. Couto, 311 F.3d 179, 185 (2d Cir. 2002)). In addition to these

three factors, the Court may also consider whether the defendant has "'raise[d] a significant question about the voluntariness of the original plea.'" Id. (quoting United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997)).

10. Looking to these factors, this Court is not persuaded that Defendant's plea should be withdrawn. With respect to the first factor, Defendant waited more than two months after the plea before requesting that it be withdrawn. Similar time periods have been found to weigh against allowing the withdrawal. See United States v. Taylor, 242 F.3d 369 (2d Cir. 2000) (summary order) (implying that waiting five weeks to motion for a plea withdrawal should factor against permitting the withdrawal); United States v. Wilson, 828 F. Supp. 2d 679, 685 (S.D.N.Y. 2011) (finding that a period of just over two months between pleading guilty and challenging the plea weighed against a defendant's motion for withdrawal), aff'd, 523 Fed. Appx. 30 (2d Cir. 2013). This is because "the longer the elapsed time, the less likely withdrawal would be fair and just[ ]." United States v. Schmidt, 373 F.3d 100, 102 (2d Cir. 2004).

11. With respect to the second factor, Defendant states in his affidavit that he is innocent and accepted the plea offer only because he believed he would not have the benefit of any attorney at trial. A defendant's claim of innocence "must be supported by evidence," United States v. Hirsch, 239 F.3d 221, 225 (2d Cir. 2001), and the court, "in reviewing the belated claims of innocence, must draw all permissible inferences in favor of the government and against the defendant." United States v. Maher, 108 F.3d 1513, 1530 (2d Cir. 1997) (citation omitted). Defendant's claim of innocence is not only contradicted by his admissions during the plea proceeding, which, as statements made "under oath at [a] plea allocution[,] carry a strong presumption of verity," id. (quotation

omitted), but it is also contradicted by facts of which this Court is on notice. Defendant's right to an attorney was thoroughly discussed and explained by this Court, and also presumably by the two attorneys he consulted with respect to the plea. Defendant was told that he had the right to an attorney until the matter was complete, though not an attorney of his choice. (See Tr. at 10, 17-18.) Moreover, Defendant repeated his admissions of guilt on May 8, 2017, during a presentence interview with Probation Officer David Ball, in which he stipulated to and acknowledged the "factual basis" section of the plea agreement. See PSR at ¶ 49. Defendant's claims of innocence are the kinds of "bald statements" that provide "no reason to disturb the 'strong presumption of verity'" of his earlier plea allocution. Hirsch, 239 F.3d at 225 (internal quotation omitted); see also United States v. Gonzalez, No. 06 Cr. 726 (WHP), 2010 WL 1640186, at *5 (S.D.N.Y. Apr. 8, 2010) ("A reference to corroborating facts—as opposed to a 'bald statement' of innocence—is essential if a court is to credit a defendant's present claims of innocence— sworn under oath—over his prior (and now contradicted) admissions of guilt *under oath*."), aff'd, 647 F.3d 41 (2d Cir. 2011) (emphasis in original).

12. With respect to the third factor, this Court considers whether the government would be prejudiced by a withdrawal of the plea. Although it did not address the prejudice prong in its opposition, it appears that the Government would be prejudiced by withdrawal because the parties had substantially completed their preparation when Defendant pled guilty less than a month before trial was to take place. Returning to that point of readiness nearly half a year later (assuming that the trial could happen immediately) would necessarily require additional resources. Moreover, "the government need not demonstrate prejudice where the defendant fails to show sufficient grounds to

justify withdrawal of the plea." Torres, 129 F.3d at 715.

13. Finally, this Court considers whether the defendant has raised a significant question about the voluntariness of the original plea. Although Defendant asserts that he felt pressured by the Government to make the plea on April 4, this Court told Defendant that if he was not ready to go forward then the plea could be scheduled for another day. (Tr. at 9.) Further, the assertion that Defendant felt that had no choice but to take the plea and feared the consequences if he did not contradicts his statements during the plea colloquy that the plea was made voluntarily and without coercion. As noted above, "bald statements that simply contradict what [a defendant] said at his plea allocution are not sufficient grounds to withdraw the guilty plea." Torres, 129 F.3d at 715 (citing Maher, 108 F.3d at 1529). The Court may "rely on a defendant's in-court sworn statements that he understood the consequences of his plea, had discussed the plea with his attorney, and knew that he could not withdraw the plea." United States v. Carreto, 583 F.3d 152, 157 (2d Cir. 2009) (internal quotation marks and alterations omitted).

14. Defendant has not provided the court with a substantial reason to discredit his testimony at the plea proceeding, see United States v. Rivernider, 828 F.3d 91, 105 (2d Cir. 2016), nor has he shown a fair and just reason for requesting the withdrawal, Fed. R. Crim. P. 11(d)(2)(B). Accordingly, Defendant's motion is denied and sentencing will go forward.

IT HEREBY IS ORDERED, that Defendant Anthony McCutcheon's motion to withdraw his guilty plea (Docket No. 381) is DENIED;

FURTHER, that sentencing is set for November 29, 2017 at 11:00 a.m. Sentencing Factors Statements/ Sentencing Motions are due by November 8, 2017. Objections/ Reponses are due by November 15, 2017. Character Letters are due by November 22, 2017.

SO ORDERED.

Dated: September 26, 2017
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge
