UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

ANTHONY McCUTCHEON,

Defendant.

**DECISION AND ORDER**
14-CR-26S (1)

## I. INTRODUCTION

Presently before this Court is Defendant Anthony McCutcheon's Motion for Compassionate Release, which the government opposes. See 18 U.S.C. § 3582 (c)(1)(A). For the reasons discussed below, McCutcheon's motion is denied.

## II. BACKGROUND

On April 4, 2017, McCutcheon appeared before this Court and pleaded guilty to (1) conspiracy to possess with intent to distribute, and to distribute, 28 grams or more of cocaine base, in violation of 21 U.S.C. § 846; and (2) possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924 (c)(1)(A)(i). (Docket Nos. 353, 354.) Eight months later, on December 4, 2017, this Court sentenced McCutcheon to an aggregate term of 132 months' imprisonment, 4 years' supervised release, a $200 special assessment, and no fine, fees, or costs. (Docket Nos. 425, 427.) McCutcheon is presently serving his sentence at FCI Butner Low, with a release date of June 30, 2023.[1]

On January 18, 2021, McCutcheon filed a counseled motion for compassionate release under 18 U.S.C. § 3582 (c)(1)(A)(i). (Docket No. 490.) He contends that release

---

[1] See https://www.bop.gov/inmateloc/ (last visited February 25, 2021).

1

is warranted because he is at heightened risk of severe illness from COVID-19 due to his medical conditions, which include asthma, high blood pressure, and prostate cancer. The government opposed McCutcheon's motion on February 3, 2021. (Docket No. 495.) Briefing concluded on February 11, 2021, with the filing of McCutcheon's reply, at which time this Court took McCutcheon's motion under advisement without oral argument. (Docket No. 496.)

### III. DISCUSSION

**A.  Compassionate Release under 18 U.S.C. § 3582 (c)(1)(A)(i)**

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). One such statute is 18 U.S.C. § 3582 (c)(1)(A)(i) which, as amended by the First Step Act of 2018,[2] provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing

---

[2] Congress amended 18 U.S.C. § 3582 (c)(1)(A) in the First Step Act of 2018 to allow prisoners to bring their own motions for compassionate release after proper exhaustion. See Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). The previous version of the statute permitted only the Bureau of Prisons to bring compassionate-release motions. See, e.g., United States v. Monzon, No. 99 Cr. 157, 2020 WL 550220, at *1 n.1 (S.D.N.Y. Feb. 4, 2020) (explaining the First Step Act amendment); United States v. Gotti, 433 F. Supp. 3d 613, 614-15 (S.D.N.Y. 2020) (same).

2

Commission.

The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute. See United States v. Ebbers, 432 F. Supp. 3d 421, 426-27 (S.D.N.Y. 2020). A defendant proceeding on his or her own motion may meet that burden by demonstrating (1) that he or she satisfied the statutory exhaustion requirement, (2) that extraordinary and compelling reasons exist for a sentence reduction, and (3) that a sentence reduction is consistent with the applicable Sentencing Guidelines provisions. See 18 U.S.C. § 3582 (c)(1)(A)(i); United States v. Perez, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020). If the court finds, after consideration of the applicable 18 U.S.C. § 3553 (a) factors, that the defendant has met this burden, it may reduce the defendant's sentence under the statute. See 18 U.S.C. § 3582 (c)(1)(A)(i); see also United States v. Gileno, 448 F. Supp. 3d 183, 185 (D. Conn. 2020).

The statutory exhaustion requirement is mandatory and "must be strictly enforced." United States v. Monzon, No. 99 Cr. 157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020) (citing Theodoropoulos v. I.N.S., 358 F.3d 162, 172 (2d Cir. 2004)); United States v. Cassidy, 17-CR-116S, 2020 WL 1969303, at *3-8 (W.D.N.Y. Apr. 24, 2020) (finding exhaustion mandatory). The exhaustion requirement is met when the earlier of two circumstances occurs: (1) the defendant fully exhausts all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion to modify an imposed term of imprisonment on his or her behalf, [3] or (2) 30 days lapse from the date the warden of the

---

[3] The Scparta court explained the administrative process before the Bureau of Prisons as follows:

> First, an inmate must request the warden of her facility to file a compassionate-release motion on her behalf. 28 C.F.R. § 571.61 (a). Second, if the warden denies the prisoner's request, she has 20 days to appeal to the BOP's Regional Director. Id. § 571.63 (a) (providing that denials of compassionate-release requests are governed by the BOP's

3

defendant's facility receives the defendant's request to file such a motion on his or her behalf.  See 18 U.S.C. § 3582 (c)(1)(A).

Congress delegated to the Sentencing Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582 (c)(1)(A)(i).  See 28 U.S.C. § 994 (t).  The Commission, in turn, promulgated a Policy Statement concerning sentence reductions under 18 U.S.C. § 3582 (c)(1)(A) in § 1B1.13 of the United States Sentencing Guidelines.  The Commentary to that section contains four examples of circumstances that constitute "extraordinary and compelling reasons" for a sentence reduction: "Medical Condition of the Defendant"; "Age of the Defendant"; "Family Circumstances"; and "Other Reasons".  See U.S.S.G. § 1B1.13.

At issue here are the "Medical Condition of the Defendant" and "Other Reasons" examples.  The "Medical Condition of the Defendant" example provides as follows:

> Medical Condition of the Defendant—
>
> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease

---

general Administrative Remedy Program, contained in 28 C.F.R. §§ 542.10-542.19); id. § 542.15 (a) ("An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response.").  Third, if the Regional Director denies the prisoner's request, she then has 30 days to appeal to the BOP General Counsel.  Id. § 542.15 (a).  A decision from the General Counsel is the final step in the BOP's Administrative Remedy Program, id., and therefore "constitutes a final administrative decision," id. § 571.63 (b).

United States v. Scparta, 18-cr-578 (AJN), 2020 WL 1910481, at *7 (S.D.N.Y. Apr. 20, 2020).

4

     and advanced dementia.

  (ii)  The defendant is—

    (I)  suffering from a serious physical or medical condition,

    (II)  suffering from a serious functional or cognitive impairment, or

    (III)  experiencing deteriorating physical or mental health because of the aging process,

  that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 comment n. 1 (A).

The "Other Reasons" example is a catch-all provision encompassing "an extraordinary and compelling reason other than, or in combination with, the [other] reasons described."[4] Id. n. 1 (D).

As it relates to the requirement that a sentence reduction be consistent with the applicable Sentencing Guidelines provisions, U.S.S.G. § 1B1.13 is once again the relevant provision. It provides that a court may reduce a sentence if, after consideration of the 18 U.S.C. § 3553 (a) factors, it determines that

  (1) (A) extraordinary and compelling reasons warrant the

---

[4] The Bureau of Prisons has implemented a Program Statement to guide its own implementation of 18 U.S.C. § 3582 (c)(1)(A). See Bureau of Prisons Program Statement 5050.50, eff. January 17, 2019 (available at https://www.bop.gov/PublicInfo/execute/policysearch?todo=query# (last visited February 25, 2021)). But this Program Statement does not constrain this Court's consideration of what qualifies as extraordinary and compelling reasons for compassionate release. As the Second Circuit recently held, "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." United States v. Brooker, 976 F. 3d 228, 234-37 (2d Cir. 2020); see also United States v. Marks, 455 F. Supp. 3d 17, 22-25 (W.D.N.Y. 2020) (finding that post-First Step Act, district courts are no longer bound by the specific categories warranting sentence reduction identified by the Sentencing Commission in U.S.S.G. § 1B1.13, including affording any deference to the Director for purposes of U.S.S.G. § 1B1.13 comment n. 1 (D) ("Other Reasons")).

      reduction; or

      (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559 (c) for the offense or offenses for which the defendant is imprisoned;

  (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142 (g); and

  (3) the reduction is consistent with this policy statement.

See U.S.S.G. § 1B1.13.

Finally, district courts have broad discretion in deciding whether to grant or deny motions for sentence reduction. See Gileno, 448 F. Supp. 3d at 186.

**B.**  **McCutcheon's Motion for Compassionate Release**

**1. Exhaustion of Administrative Rights**

As indicated above, 18 U.S.C. § 3582 (c)(1)(A) contains a threshold exhaustion requirement. To satisfy this requirement, a defendant must demonstrate that either (1) he or she fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion to modify an imposed term of imprisonment on his or her behalf, or (2) 30 days have lapsed from the date the warden of the defendant's facility received the defendant's request to file such a motion on his or her behalf. See 18 U.S.C. § 3582 (c)(1)(A).

For reasons discussed at length in two previous decisions (fully incorporated herein), this Court has found that the statutory exhaustion requirement is mandatory and cannot be excused. See Cassidy, 2020 WL 1969303, at *3-8; United States v. Schultz, 454 F. Supp. 3d 217, 220-223 (W.D.N.Y. 2020); accord United States v. Montanez, 458

F. Supp. 3d 146, 149-160 (W.D.N.Y. 2020) (finding § 3582 (c)(1)(A)'s exhaustion requirement mandatory).

Here, McCutcheon submitted multiple requests for compassionate release to the warden of FCI Butner, the last of which the warden denied on November 12, 2020. (Motion for Compassionate Release, Docket No. 490, Exhibit B.)  Thirty days having lapsed since McCutcheon's last request, this Court finds that he has satisfied the statutory exhaustion requirement, and the government does not argue otherwise.

### 2. Extraordinary and Compelling Reasons for Sentence Reduction

McCutcheon has served 84 months of his 132-month sentence.  He is 54 years old and suffers from asthma, high blood pressure, and prostate cancer, all of which he argues makes him highly susceptible to severe illness from COVID-19.[5]  If released, McCutcheon plans to live with his daughter in Buffalo, N.Y.  (Motion for Compassionate Release, p. 14; Reply Memorandum, Docket No. 496, p. 6.)

Having thoroughly reviewed the record, this Court first finds that McCutcheon's conditions do not constitute an extraordinary and compelling reason for a sentence reduction under the medical-condition section of U.S.S.G. § 1B1.13.  There has been no demonstration that the conditions are terminal illnesses (i.e., a serious and advanced illness with an end-of-life trajectory), see U.S.S.G. § 1B1.13 comment n. 1 (A)(i); nor do they constitute a serious condition, impairment, or age-related deterioration that substantially diminishes McCutcheon's ability to provide self-care, see U.S.S.G. § 1B1.13 comment n. 1 (A)(ii).  See United States v. Korn, 15-CR-81S, 11-CR-384S, 2020 WL

---

[5] There is no dispute that McCutcheon suffers from these medical conditions, as demonstrated by the medical records filed in relation to this motion.  See Motion for Compassionate Release, Docket No. 490, Exhibit A; Government's Response, Docket No. 494, Exhibit B.

7

1808213, at *3-6 (W.D.N.Y. Apr. 9, 2020). Moreover, there is no indication that McCutcheon's conditions require any sort of specialized care or care that the Bureau of Prisons is unable to provide.

As for the "Other Reasons" section of U.S.S.G. § 1B1.13 comment n. 1 (D), which provides for relief if there exist extraordinary and compelling reasons for sentence reduction other than (or in combination with) what is specifically prescribed, McCutcheon argues that his conditions make him highly susceptible to severe illness from COVID-19. See United States v. Resnick, 451 F. Supp. 3d 262, 270 (S.D.N.Y. 2020) (considering compassionate-release request based on a defendant's high susceptibility to COVID-19 under the "catch-all" provision of U.S.S.G. § 1B1.13 comment n. 1 (D)).

COVID-19 is the sweeping, potentially deadly disease at the center of an ongoing worldwide pandemic that required the President of the United States to declare a national emergency on March 13, 2020. See Proclamation No. 9994, 85 Fed. Reg. 15,337-38 (March 13, 2020). The Centers for Disease Control and Prevention ("the CDC") has determined that individuals with certain underlying medical conditions, particularly if not well controlled, are at high risk for severe illness from COVID-19.[6] See Jones v. Wolf, 467 F. Supp. 3d 74, 87 (W.D.N.Y. 2020) (taking judicial notice that "for people of advanced age, with underlying health problems, or both, COVID-19 causes severe medical conditions and has increased lethality") (quoting Basank v. Decker, 449 F. Supp. 3d 205, 211 (S.D.N.Y. 2020)). Those medical conditions consist of cancer, chronic kidney disease, chronic obstructive pulmonary disease (COPD), Down Syndrome, heart

---

[6] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited February 25, 2021).

8

conditions (e.g., heart failure, coronary artery disease, cardiomyopathies), immunocompromised state from solid organ transplant, obesity (body mass index of 30-39.9), severe obesity (body mass index of 40 or greater), pregnancy, sickle cell disease, smoking, and Type 2 diabetes mellitus.[7] The CDC has also identified medical conditions that *might* make an individual at increased risk for severe illness from COVID-19, including asthma and high blood pressure.[8] McCutcheon's prostate cancer alone places him in the high-risk category, a fact the government concedes. (Government Response, Docket No. 494, pp. 14, 18.)

Some courts have found that inclusion in the high-risk category alone is enough to constitute an extraordinary and compelling reason for a sentence reduction, see, e.g., United States v. Zukerman, 451 F. Supp. 3d 329, 335-36 (S.D.N.Y. 2020) (collecting cases), but this Court has not. Rather, it has found, and continues to find, that the mere *possibility* of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme. See United States v. Scott, 09-CR-341S, 2020 WL 5587122, at *5 (W.D.N.Y. Sept. 18, 2020) (denying compassionate release to defendant in high-risk category who made no showing of Bureau of Prisons failures); United States v. Stevens, 459 F. Supp. 3d 478, 486 (W.D.N.Y. 2020); Korn, 2020 WL 1808213, at *6; see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("the

---

[7] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited February 25, 2021).

[8] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited February 25, 2021).

9

mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"); United States v. Gold, 459 F. Supp. 3d 1117, 1120 (N.D. Ill. 2020) (finding that COVID-19 does not "warrant the release of every federal prisoner with health conditions that make them more susceptible to the disease"); United States v. Gagne, 451 F. Supp. 3d 230, 235 (D. Conn. 2020) (denying compassionate release where the defendant failed to show "that the [Bureau of Prisons] cannot adequately manage the [COVID-19] pandemic or treat her to a reasonable degree"); Gileno, 448 F. Supp. 3d at 188 ("Mr. Gileno has also not shown that the plan proposed by the Bureau of Prisons is inadequate to manage the pandemic within Mr. Gileno's correctional facility, or that the facility is specifically unable to adequately treat Mr. Gileno.").

The Bureau of Prisons has experience combatting infectious diseases and has developed and implemented a multi-point plan to battle COVID-19. Preparations began in early 2020 when the Bureau of Prisons instituted its Pandemic Influenza contingency plan, specifically modified to fight COVID-19.[9] This plan is based on guidance and directives from the World Health Organization, the CDC, and other related agencies. Under this plan, the Bureau of Prisons has implemented quarantine and isolation protocols, restricted inmate transfers, reduced overcrowding, limited group gatherings, employed screening procedures, and suspended visitation and tours.[10] These and other

---

[9] See https://www.bop.gov/coronavirus/overview.jsp#bop_covid-19_response (last visited February 25, 2021).

[10] See https://www.bop.gov/coronavirus/covid19_status.jsp (last visited February 25, 2021).

10

measures are constantly reassessed to further mitigate the exposure and spread of COVID-19 among the federal prison population. And although FCI Butner Low initially struggled with the virus, including experiencing 17 inmate deaths and 1 staff death, its measures are now proving effective, as there are presently no inmate and only five staff cases.[11]  See Scott, 2020 WL 5587122, at *5 n.11 (discussing previous conditions at FCI Butner Low).

Consequently, although McCutcheon has demonstrated (and the government concedes) that he falls into the high-risk group, he has made no showing that FCI Butner Low's present plan and efforts to combat the disease are inadequate or that the facility is unable to adequately treat him if he falls ill.[12]  To the contrary, it appears that FCI Butner Low's efforts are now working.  Thus, McCutcheon fails to demonstrate an extraordinary and compelling reason for a sentence reduction under U.S.S.G. § 1B1.3 comment n. 1 (D) based on COVID-19.  See United States v. Quinones, 13-CR-83S (1), 2020 WL 4529365, at *5 (W.D.N.Y. Aug. 6, 2020) (finding no extraordinary or compelling reasons for compassionate release for high-risk defendant in facility with 53 inmate cases); United States v. Koehn, 10-CR-264S, 2020 WL 4361675, at *7 (W.D.N.Y. July 30, 2020) (finding no extraordinary or compelling reasons for compassionate release for high-risk defendant in facility with positive cases); Stevens, 2020 WL 2393306, at *6-7 (denying compassionate release to defendant in facility with no reported cases alleging only the general possibility of contracting COVID-19); Korn, 2020 WL 1808213, at *6-8 (denying

---

[11] See https://www.bop.gov/coronavirus/ (last visited February 25, 2021).

[12] It must be noted that McCutcheon is incarcerated at a complex that includes a federal medical center—FMC Butner—a fact that weighs against compassionate release.  See Korn, 2020 WL 1808213, at *7 (denying compassionate release, in part, because "Korn is housed at a federal correctional complex with a hospital on-site that is capable of providing immediate in-patient and skilled nursing care, if required").

11

compassionate release to defendant who failed to show inadequacy in Bureau of Prisons plan or ability to treat him).

### 3. Consideration of the § 3553 (a) Factors

Even if McCutcheon had demonstrated extraordinary and compelling reasons for a sentence reduction (which he has not), this Court would find that those reasons are outweighed by consideration of the § 3553 (a) factors, and that McCutcheon's original sentence would be severely undermined by a sentence reduction. See 18 U.S.C. § 3582 (c)(1)(A) (requiring consideration of the applicable § 3553 (a) factors); see also Ebbers, 432 F. Supp. 3d at 430-31. The § 3553 (a) factors include, *inter alia*, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553 (a).

McCutcheon was the leader of a drug-trafficking organization that distributed marijuana, cocaine, and cocaine base throughout Buffalo, N.Y. (Presentence Investigation Report, Docket No. 418, ¶¶ 12, 13.) McCutcheon himself was a high-level cocaine distributor, and his organization trafficked in multi-kilogram quantities of cocaine obtained from a supplier in Atlanta. (Id. ¶¶ 13, 14, 30-44.) Along with conducting his own drug sales, McCutcheon served as the primary supplier of controlled substances for many low-level narcotics dealers in the City of Buffalo, including members of his family. (Id. ¶ 14.) Members of McCutcheon's organization were known to use violence in furtherance of their illegal activity, and McCutcheon admitted that he possessed a 9mm, semi-

12

automatic handgun in furtherance of his drug-trafficking activities. (Id. ¶¶ 13, 45.) For prosecution purposes, the parties agreed that McCutcheon's relevant conduct included at least 28 grams but less than 112 grams of cocaine base. (Id. ¶ 46.)

For this serious criminal activity, this Court imposed a 132-month aggregate sentence. The sentence fell below the recommended Guidelines range on Count 1, and was a fair, just, and reasonable sentence. A further reduction to time served at this point would severely undermine the original sentence. Such a reduced sentence would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from future crimes by the defendant. See 18 U.S.C. § 3553 (a). Such a reduction would also result in unwarranted sentencing disparities. Id. Accordingly, this Court finds that consideration of the § 3553 (a) factors outweighs any extraordinary and compelling reasons for a sentence reduction.

### 4. Consistency of a Reduction with U.S.S.G. § 1B1.13

Finally, even if McCutcheon had demonstrated extraordinary and compelling reasons for a sentence reduction that are not outweighed by consideration of the § 3553 (a) factors (which he has not), this Court would find that a sentence reduction is not consistent with U.S.S.G. § 1B1.13. See 18 U.S.C. § 3582 (c)(1)(A) (requiring that any sentence reduction be consistent with applicable policy statements issued by the Sentencing Commission); U.S.S.G. § 1B1.13 (2). This inquiry requires a determination as to whether the defendant poses a danger to the safety of any person or to the community if released.

McCutcheon's significant drug-trafficking activities in this case were facilitated by the use of violence and firearms. (Presentence Report, ¶¶ 13, 45.) During a February

2014 search of McCutcheon's residence, law enforcement discovered the 9mm, semi-automatic handgun that McCutcheon admits he used in furtherance of his drug-trafficking activities, as well as a magazine and multiple rounds of ammunition. (Id. ¶ 28.)

In addition, McCutcheon, who qualifies as a criminal history category V, has a long and consistent record of engaging in criminal activity. As relevant to dangerousness, his early offenses include physical confrontations (id. ¶¶ 68, 72), an incident where he hit an individual in the face and head with a pipe (id. ¶ 74), and what appear to be two statutory rapes (id. ¶¶ 75, 78). He has consistently committed controlled-substances and driving-while-impaired offenses (id. ¶¶ 77, 80, 83, 86, 87, 89, 91), and he violated an order of protection (id. ¶ 85). While this Court commends McCutcheon for the rehabilitative work he has done while incarcerated, see Motion for Release, Exhibit C, it nonetheless finds, for purposes of his present motion, that given the nature of his criminal history and his extensive recidivism, he remains a danger to the community if released.

## IV. CONCLUSION

For all of the reasons stated above, this Court finds that compassionate release and a sentence reduction under 18 U.S.C. § 3582 (c)(1)(A)(i) are not warranted. McCutcheon's motion will therefore be denied.

## V. ORDER

IT HEREBY IS ORDERED, that McCutcheon's Motion for Compassionate Release (Docket No. 490) is DENIED.

SO ORDERED.

Dated:   February 25, 2021
         Buffalo, New York

                                                    s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                    United States District Judge